UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------------X

ERIC CHEN,

                   Plaintiff,

                                                  COMPLAINT (PRO SE)
                                                  JURY TRIAL DEMANDED

- against -

DLA PIPER (US) LLP and MICHELLE CREARY *individually*

                   Defendants.

------------------------------------------------------------------------X

Plaintiff Eric Chen ("Plaintiff"), proceeding pro se, alleges as follows:

## **INTRODUCTION**

1. Plaintiff brings this action for discrimination, hostile work environment, and retaliation in violation of (i) Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.; (ii) 42 U.S.C. § 1981; (iii) the New York State Human Rights Law, N.Y. Exec. Law § 296 et seq. ("NYSHRL"); and (iv) the New York City Human Rights Law, N.Y.C. Admin. Code § 8-107 et seq. ("NYCHRL").

2. Plaintiff, an African American man, was subjected to disparate pay, demotion, denial of advancement, micromanagement, hostile and degrading treatment, unfair performance reviews, and termination after he complained about discrimination and suspected billing/time fraud.

3. For approximately five and a half years, Plaintiff was continually subjected to disparate treatment based on protected characteristics, malicious interference with his assigned work, derogatory and false statements made by supervisors and certain colleagues, and an escalating pattern of conduct intended to undermine his professional credibility, prevent advancement, and create intolerable working conditions. Plaintiff timely filed a charge of discrimination and retaliation with the U.S. Equal Employment Opportunity Commission and the New York State Division of Human Rights on or about 12/2024.  The EEOC issued a Notice of Right to Sue dated 8/21/2025.  This action is filed within ninety (90) days of Plaintiff's receipt of that notice, and all administrative prerequisites to suit have been satisfied.

4. Plaintiff seeks all appropriate legal and equitable relief, including reinstatement or front pay, back pay, compensatory and punitive damages (as permitted), costs, and such other relief as the Court deems just.

**JURISDICTION AND VENUE**

5. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343 because Plaintiff asserts claims under federal law, including Title VII and 42 U.S.C. § 1981. The Court has supplemental jurisdiction over the NYSHRL and NYCHRL claims under 28 U.S.C. § 1367.

6. Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to these claims occurred within the Southern District of New York and/or Defendants conduct business within this District.

## PROCEDURAL PREREQUISITES

7. Plaintiff timely filed a charge with the U.S. Equal Employment Opportunity Commission ("EEOC") addressing the discrimination and retaliation described herein.

8. The EEOC issued a Notice of Right to Sue dated August 22, 2025. This action is filed within ninety (90) days of Plaintiff's receipt of that Notice.

9. Pursuant to N.Y.C. Admin. Code § 8-502(c), Plaintiff will serve a copy of this Complaint upon the New York City Commission on Human Rights and the Corporation Counsel of the City of New York within ten (10) days after commencement of this action.

## PARTIES

10. At all relevant times, Plaintiff **Eric Chen** was and is an African American male residing in 137-25 83rd Avenue, Briarwood, New York 11435. Plaintiff may be contacted at Tel: (917) 753-6475; Email: eric.chen.ny@gmail.com [eric.chen.ny@gmail.com].

11. Defendant **DLA Piper (US) LLP** ("DLA Piper") is a law firm conducting business in New York, including within the Southern District of New York.

12. Defendant Michelle Creary ("Creary") was, at all relevant times, an East Coast Regional Manager employed by DLA Piper and exercised supervisory authority over Plaintiff.

13. At all relevant times, Defendants employed more than fifteen (15) employees for purposes of Title VII and more than four (4) employees for purposes of the NYSHRL and NYCHRL.

## FACTS

14. On or about October 15, 2018, Plaintiff began work for DLA Piper as a Senior Litigation Support Specialist at a salary of $97,000 per year, plus overtime.

15. Plaintiff reported to, among others, Partner Richard Chesley, Partner Jackie K. Park, East Coast Regional Manager Michelle Creary (African American), and Litigation Support Director John Hogan (Caucasian).

16. Plaintiff performed well and received early recognition for his work; he had no disciplinary history and earned a GEM ("Going the Extra Mile") award for outstanding performance.

17. Shortly after hire, Plaintiff began experiencing hostility and disparate treatment, including demeaning communications, being treated as less worthy than non-African American employees, and exclusion from career-advancing projects. Plaintiff's white and Asian peers, such as Barbara Baxter and Patricia Chew, were promoted and given higher salaries despite lesser experience and upon information and belief, no similar distinctions such as those described below.

18. In or about April 2019, Ms. Creary began issuing negative performance reviews; when Plaintiff requested specifics, she refused to provide concrete examples and became dismissive.

19. In 2019, Plaintiff was demoted from Senior Litigation Support Specialist to Litigation Support Analyst for pretextual reasons despite his experience and performance.

20. Two non-African American employees were hired without prior litigation-support experience and were never micromanaged by Ms. Creary. After Plaintiff's complaints of disparate treatment, the Firm promoted an African American employee, Terrence Souma, from Analyst to Senior Specialist after years without advancement—timed in a manner suggesting a pretextual effort to conceal prior discrimination.

21. Plaintiff and other African American colleagues (including Terrence Souma and Jawan Green) were subjected to disparate and degrading treatment; for example, Mr. Green remained in the same role for over twelve years without promotion while others advanced more quickly.

22. Plaintiff was required to attend numerous unnecessary daily calls and meetings with Ms. Creary, creating anxiety and interrupting work, while non-African American colleagues were not subjected to this persistent micromanagement.

23. Plaintiff routinely trained non-African American colleagues on litigation-support tasks **but was not given** appropriate recognition.

24. Despite consistent praise from coworkers and attorneys for his assistance and dedication on numerous client matters, Plaintiff's performance reviews remained negative and devoid of constructive feedback.

25. Plaintiff did not receive appropriate raises or bonuses for years and, by 2024, had not received any salary increase since his hire. In contrast, non-African American employees in the same role received higher compensation and regular pay adjustments.

26. Ms. Creary and Mr. Tutovic were emboldened by Mr. Hogan's conduct. As head of the department, it was Mr. Hogan's responsibility to ensure that leadership and staff adhered to employment laws and firm policies, yet he failed to intervene or correct their behavior.

27. On June 26, 2022, Plaintiff filed a written complaint with firm leadership reporting race discrimination, harassment, and a hostile work environment. The complaint was forwarded to Employee Relations & Compliance Manager Amber James, who failed to conduct a meaningful investigation; no witnesses were interviewed, and the complaint was dismissed as unfounded.

Thereafter, Plaintiff faced heightened scrutiny, exclusion from key projects, and continued retaliation that discredited his performance and suppressed his career growth.

28. On May 17, 2023, Plaintiff submitted a written request for salary transparency and an equitable pay adjustment, documenting a $25,000 disparity between himself and a similarly titled colleague. Plaintiff also raised ethical concerns regarding billing practices, noting that employees with widely differing salaries were billed to clients at uniform rates. The Human Resources department responded dismissively and took no corrective action.

29. On or about May 2024, after repeated disrespectful treatment from Mr. Tutovic, Plaintiff emailed him requesting professional respect. This communication reflected Plaintiff's ongoing effort to maintain professionalism despite continued hostility and retaliatory conduct.

30. On June 6, 2024, Defendants terminated Plaintiff, alleging a violation of the Firm's Professional Code of Conduct and referencing his email to Mr. Tutovic. The stated reason was pretextual and followed Plaintiff's protected activities. Plaintiff appealed to Human Resources and firm leadership on June 10–11, 2024, documenting his strong record and ongoing retaliation. Assistant General Counsel Michelle Sumner responded that the termination was final.

31. Plaintiff's submission identified at least twenty-seven (27) distinct client matters that he had successfully supported or managed independently, as well as approximately sixty (60) partners, attorneys, and paralegals who could have corroborated Plaintiff's strong performance, professionalism, and contributions to the Firm. Plaintiff also attached or referenced documentary evidence, including contemporaneous emails, time entries, and work-product showing his success on those matters.

32. Despite the extensive evidence, Human Resources conducted no interviews, document reviews, or follow-up inquiries. No witnesses listed by Plaintiff were contacted. No review of Plaintiff's cited projects, time records, or client communications was ever undertaken.

33. Upon information and belief, Human Resources' failure to investigate was inconsistent with the Firm's written equal employment opportunity and anti-retaliation policies, which require prompt and thorough investigation of discrimination complaints. The deliberate failure to investigate Plaintiff's documented complaint constitutes direct evidence of retaliatory animus and bad faith.

34. Defendants' refusal to investigate Plaintiff's allegations and evidence further demonstrates pretext. Whereas similarly situated, non–African American employees' complaints received prompt internal review, Plaintiff's complaint—supported by substantial evidence—was summarily ignored.

35. As a result of Defendants' refusal to investigate, the fabricated narrative of "poor performance" and "unprofessionalism" remained uncorrected, directly contributing to Plaintiff's subsequent adverse employment actions, damage to reputation, and emotional distress.

36. Upon information and belief, other African American employees under Ms. Creary also experienced disparate treatment and/or were forced out.

37. As a result of the foregoing, Plaintiff suffered lost wages and benefits, emotional distress (including anxiety, depression, humiliation, appetite changes, and reputational harm), and diminished career prospects.

38. Following his termination, Plaintiff's professional reputation suffered severe damage. Defendants' false and disparaging characterizations of his performance have impaired his ability to secure comparable employment and caused ongoing emotional distress, financial hardship, and loss of career opportunities.

39. Defendants' actions were part of a continuing pattern of discrimination and retaliation within the Litigation Support department, reflecting willful disregard of federal, state, and city human-rights protections.

Accordingly, Plaintiff asserts the following claims for relief.

FIRST CAUSE OF ACTION — TITLE VII: RACE DISCRIMINATION (DISPARATE TREATMENT & HOSTILE WORK ENVIRONMENT)

Plaintiff repeats and realleges the allegations above as though fully set forth herein.

Defendants discriminated against Plaintiff because of his race, in violation of 42 U.S.C. § 2000e-2(a), including by paying him less than similarly situated employees, demoting him, denying advancement and assignments, subjecting him to a hostile work environment, issuing unfair performance reviews, and terminating his employment.

Plaintiff seeks compensatory damages, back pay, front pay or reinstatement, punitive damages as permitted by law, and costs.

SECOND CAUSE OF ACTION — TITLE VII: RETALIATION

Plaintiff repeats and realleges the allegations above as though fully set forth herein.

Plaintiff engaged in protected activity by opposing discrimination and a hostile work environment and by reporting suspected billing and time-keeping irregularities.

Defendants retaliated against Plaintiff by escalating hostility, maintaining false negative evaluations, denying raises, bonuses, and opportunities, refusing to investigate, and ultimately terminating his employment, in violation of 42 U.S.C. § 2000e-3(a).

Plaintiff seeks all available relief, including economic, compensatory, and punitive damages as permitted, and costs.

THIRD CAUSE OF ACTION — 42 U.S.C. § 1981: RACE DISCRIMINATION (INCLUDING HOSTILE WORK ENVIRONMENT)

Plaintiff repeats and realleges the allegations above as though fully set forth herein.

Defendants interfered with Plaintiff's right to make and enforce contracts on equal terms because of his race, including through disparate pay, demotion, denial of opportunities, hostile environment, false performance reviews, and termination.

Plaintiff seeks compensatory and punitive damages and such other and further relief as the Court deems just and proper.

FOURTH CAUSE OF ACTION — 42 U.S.C. § 1981: RETALIATION

Plaintiff repeats and realleges the allegations above as though fully set forth herein.

After Plaintiff opposed race discrimination, Defendants retaliated against him, culminating in his termination. Such retaliation is actionable under 42 U.S.C. § 1981.

Plaintiff seeks compensatory and punitive damages and all other appropriate relief.

FIFTH CAUSE OF ACTION — NYSHRL: RACE DISCRIMINATION, HOSTILE WORK ENVIRONMENT, AND RETALIATION

Plaintiff repeats and realleges the allegations above as though fully set forth herein.

Defendants violated the New York State Human Rights Law, N.Y. Exec. Law § 296 et seq., by

discriminating and retaliating against Plaintiff and by subjecting him to a hostile work environment because of his race.

Plaintiff seeks all remedies available under the NYSHRL, including compensatory and punitive damages as permitted, and costs.

SIXTH CAUSE OF ACTION — NYCHRL: RACE DISCRIMINATION, HOSTILE WORK ENVIRONMENT, AND RETALIATION

Plaintiff repeats and realleges the allegations above as though fully set forth herein.

Defendants violated the New York City Human Rights Law, N.Y.C. Admin. Code § 8-107 et seq., which must be construed liberally, by discriminating and retaliating against Plaintiff and by creating and maintaining a hostile work environment because of his race.

Plaintiff seeks all remedies available under the NYCHRL, including compensatory and punitive damages, and costs.

## INJURY AND DAMAGES

As a direct and proximate result of Defendants' unlawful acts, Plaintiff has suffered pecuniary losses, including back pay and lost benefits; emotional distress, humiliation, anxiety, and reputational harm; and other non-pecuniary damages. Plaintiff also faces diminished future earnings and loss of career advancement opportunities.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in his favor and grant the following relief:

a. **Back pay**, lost benefits, and all other compensation wrongfully denied to Plaintiff;

b. **Front pay or reinstatement** in lieu of front pay;

c. **Compensatory damages** for emotional distress, reputational harm, loss of career opportunities, and other non-pecuniary losses;

d. **Punitive damages** as permitted under Title VII, 42 U.S.C. § 1981, and the NYCHRL;

e. **Pre- and post-judgment interest**;

f. **Costs of suit and reasonable attorneys' fees** under 42 U.S.C. § 2000e-5(k) and analogous state and city provisions;

g. **A declaratory judgment** that Defendants violated Title VII, 42 U.S.C. § 1981, the NYSHRL, and the NYCHRL; and

h. **Such other and further relief** as the Court deems just and proper.


Dated: New York, New York
       November 2, 2025

                                                            Respectfully submitted,

                                                            */s/ Eric Chen*
                                                            Eric Chen, Pro Se