UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ERIC CHEN,

*Plaintiff*,

v.

DLA Piper (US) LLP and MICHELLE CREARY, *individually*,

*Defendants*.

Case No.: 1:25-cv-09615

**ANSWER AND AFFIRMATIVE DEFENSES**

Defendant DLA Piper LLP (US)[1] ("Defendant," "DLA Piper" or the "Firm"), by and through its undersigned counsel, Morea Schwartz Bradham Friedman & Brown LLP, hereby answers the Complaint filed by Plaintiff Eric Chen on November 14, 2025 (the "Complaint").

## RESPONSES TO INDIVIDUAL PARAGRAPHS

Numbered paragraphs below correspond to the like-numbered paragraphs in the Complaint. Except as specifically admitted, Defendant denies the allegations in the Complaint.

1. Paragraph 1 contains conclusions of law to which no response is required. To the extent that Paragraph 1 contains factual allegations requiring a response, Defendant denies the allegations.

2. Defendant denies the allegations in Paragraph 2, except to admit that Plaintiff is an African American man.

[1] Defendant is incorrectly identified throughout Plaintiff's Complaint as "DLA Piper (US) LLP," including in the case caption. Defendant respectfully requests this Court modify Defendant's name in the caption from "DLA Piper (US) LLP" to "DLA Piper LLP (US)" to reflect Defendant's legal name.

3. Defendant denies the allegations in Paragraph 3, except to admit that Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and filed his Complaint within 90 days of the EEOC's issuance of a Notice of Right to Sue.

4. Paragraph 4 of Plaintiff's Complaint consists of a summary of the relief being sought to which no response is required. To the extent that Paragraph 4 contains factual allegations requiring a response, Defendant denies the allegations

5. Paragraph 5 contains allegations of jurisdiction to which no response is required.

6. Paragraph 6 contains allegations of venue to which no response is required.

7. Paragraph 7 contains conclusions of law to which no response is required.

8. Defendant admits the allegations in Paragraph 8.

9. Paragraph 9 contains conclusions of law to which no response is required. To the extent that Paragraph 9 contains factual allegations requiring a response, Defendant lacks knowledge or information sufficient to form a belief as to what Plaintiff "will" do and on that basis, denies the allegations in Paragraph 9.

10. Defendant lacks knowledge or information sufficient to form a belief as to Plaintiff's residence or contact information at all relevant times and on that basis, denies the allegations in Paragraph 10, except to admit that Plaintiff is an African American male.

11. Defendant admits the allegations in Paragraph 11.

12. Defendant admits the allegations in Paragraph 12.

13. Paragraph 13 contains conclusions of law to which no response is required. To the extent that Paragraph 13 contains factual allegations requiring a response, Defendant admits that it employed more than 15 employees at all relevant times.

14. Defendant denies the allegations in Paragraph 14, except to admit that Plaintiff was hired as a Senior Litigation Support Specialist.

15. Defendant denies the allegations in Paragraph 15, except to admit that Plaintiff reported to Senior Manager of Regional Litigation Support Michelle Creary ("Ms. Creary"), who is African American, and Director of Litigation Support John Hogan ("Mr. Hogan"), who is Caucasian.

16. Defendant denies the allegations in Paragraph 16, except to admit that Plaintiff earned a GEM ("Going the Extra Mile") award in December 2019.

17. Defendant denies the allegations in Paragraph 17.

18. Defendant denies the allegations in Paragraph 18.

19. Defendant denies the allegations in Paragraph 19, except to admit that Plaintiff was demoted to Litigation Support Analyst on or about July 1, 2019, though his compensation remained the same.

20. Defendant denies the allegations in Paragraph 20, except to admit Defendant promoted a Firm employee.

21. Defendant denies the allegations in Paragraph 21.

22. Defendant denies the allegations in Paragraph 22.

23. Defendant denies the allegations in Paragraph 23.

24. Defendant denies the allegations in Paragraph 24.

25. Defendant denies the allegations in Paragraph 25.

26. Defendant denies the allegations in Paragraph 26, except to admit that Mr. Hogan served as Director of Litigation Support.

27. Defendant denies the allegations in Paragraph 27, except to admit that on or about June 16, 2022, Plaintiff lodged a complaint with the Firm alleging race discrimination, harassment and hostile work environment.

28. Defendant denies the allegations in Paragraph 28, except to admit that Plaintiff sent an email to Ms. Creary and Mr. Hogan on or about May 17, 2023, complaining about salary disparities amongst individuals in the Litigation Support department and Firm billing practices.

29. Defendant denies the allegations in Paragraph 29, except to admit that on or about June 4, 2024, Plaintiff sent an aggressive and wholly inappropriate email to Mirsat Tutovic, Plaintiff's colleague in the Litigation Support department.

30. Defendant denies the allegations in Paragraph 30, except to admit that Plaintiff was terminated by the Firm on or about June 6, 2024, that Plaintiff appealed the Firm's decision on July 11, 2024, and that Michelle Sumner, then Assistant General Counsel – Employment, responded in relevant part that the Firm's decision was final.

31. Defendant denies the allegations in Paragraph 31, except to admit that Plaintiff's submission included Firm records, including emails and work product, that Plaintiff took from the Firm in violation of Firm policy.

32. Defendant denies the allegations in Paragraph 32.

33. Defendant denies the allegations in Paragraph 33. The second sentence of Paragraph 33 contains conclusions of law to which no response is required.

34. Defendant denies the allegations in Paragraph 34.

35. Defendant denies the allegations in Paragraph 35

36. Defendant denies the allegations in Paragraph 36.

37. Defendant denies the allegations in Paragraph 37.

38. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 38, and on that basis, denies the allegations including, explicitly, the allegation that Defendant's characterization of Plaintiff's work performance was "false" and "disparaging."

39. Defendant denies the allegations in Paragraph 39.

## RESPONSES TO UNNUMBERED PARAGRAPHS

The causes of action and sections thereafter are not numbered in the Complaint. Thus, the paragraphs below correspond to those paragraphs in the Complaint. Except as specifically admitted, Defendant denies the allegations in the Complaint.

## FIRST CAUSE OF ACTION – TITLE VII: RACE DISCRIMINATION (DISPARATE TREATMENT & HOSTILE WORK ENVIRONMENT)

Defendant repeats each and every response set forth in the foregoing Paragraphs as if fully set forth herein. The unnumbered Paragraph contains conclusions of law to which no response is required. To the extent that Paragraph contains factual allegations requiring a response, Defendant denies the allegations.

## SECOND CAUSE OF ACTION – TITLE VII: RETALIATION

Defendant repeats each and every response set forth in the foregoing Paragraphs as if fully set forth herein. The unnumbered Paragraph contains conclusions of law to which no response is required. To the extent that Paragraph contains factual allegations requiring a response, Defendant denies the allegations.

## THIRD CAUSE OF ACTION – 42 U.S.C. §1981: RACE DISCRIMINATION (INCLUDING HOSTILE WORK ENVIRONMENT)

Defendant repeats each and every response set forth in the foregoing Paragraphs as if fully set forth herein. The unnumbered Paragraph contains conclusions of law to which no response is

required. To the extent that Paragraph contains factual allegations requiring a response, Defendant denies the allegations.

**FOURTH CAUSE OF ACTION – 42 U.S.C. §1981: RETALIATION**

Defendant repeats each and every response set forth in the foregoing Paragraphs as if fully set forth herein. The unnumbered Paragraph contains conclusions of law to which no response is required. To the extent that Paragraph contains factual allegations requiring a response, Defendant denies the allegations.

**FIFTH CAUSE OF ACTION – NYSHRL: RACE DISCRIMINATION, HOSTILE WORK ENVIRONMENT, AND RETALIATION**

Defendant repeats each and every response set forth in the foregoing Paragraphs as if fully set forth herein. The unnumbered Paragraph contains conclusions of law to which no response is required. To the extent that Paragraph contains factual allegations requiring a response, Defendant denies the allegations.

**SIXTH CAUSE OF ACTION – NYCHRL: RACE DISCRIMINATION, HOSTILE WORK ENVIRONMENT, AND RETALIATION**

Defendant repeats each and every response set forth in the foregoing Paragraphs as if fully set forth herein. The unnumbered Paragraph contains conclusions of law to which no response is required. To the extent that Paragraph contains factual allegations requiring a response, Defendant denies the allegations.

**INJURY AND DAMAGES**

Defendant repeats each and every response set forth in the foregoing Paragraphs as if fully set forth herein. Defendant denies the allegations in the unnumbered Paragraph.

**JURY DEMAND**

Defendant denies the allegations in the "Jury Demand" section of the Complaint, except to admit that Plaintiff "demands a trial by jury."

## PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to any relief against DLA Piper and specifically denies engaging in any discriminatory or unlawful conduct with respect to Plaintiff or that Plaintiff has suffered any type or amount of damages. Defendant respectfully requests that the Court dismiss all claims against DLA Piper with prejudice and order such further relief as the Court deems just and proper.

## GENERAL DENIAL

Defendant denies each and every allegation in the Complaint not specifically admitted herein.

## AFFIRMATIVE DEFENSES TO COMPLAINT

Without assuming any burden of proof, persuasion, or production not otherwise legally assigned to it as to any element of Plaintiff's claims, DLA Piper asserts the following affirmative and other defenses:

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails, in whole or in part, to state a cause of action upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred, in whole or in part, as to any matters for which Plaintiff has failed to exhaust, and/or has elected, administrative or other remedies.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims for relief may be barred and precluded, in whole or in part, by the applicable statute of limitations.

**FOURTH AFFIRMATIVE DEFENSE**

Defendant acted reasonably and in good faith based on legitimate nondiscriminatory, nonretaliatory reasons with respect to Plaintiff at all times pertinent hereto. Plaintiff was not separated from employment because of his race or any protected activity in which he engaged; rather, he was separated from employment for legitimate, nondiscriminatory, non-retaliatory reasons.

**FIFTH AFFIRMATIVE DEFENSE**

Defendant is informed and believes, and on that basis alleges, that Plaintiff's claims against DLA Piper are barred in whole or in part by laches, equitable estoppel, waiver, or other related equitable doctrines.

**SIXTH AFFIRMATIVE DEFENSE**

Defendant is informed and believes, and on that basis alleges, that Plaintiff's claims against DLA Piper are barred in whole or in part because of inequitable conduct and unclean hands.

**SEVENTH AFFIRMATIVE DEFENSE**

Defendant has at all times pertinent hereto adopted, maintained and communicated appropriate policies and made good faith efforts to comply with antidiscrimination and antiretaliation laws. Some or all of Plaintiff's claims are barred because even if any unlawful discrimination and/or retaliation occurred, which Defendant denies, such conduct was and is prohibited by Defendant's policies and was not committed or authorized by Defendant. Defendant never authorized, ratified, or participated in any discriminatory and/or retaliatory conduct regarding Plaintiff.

**EIGHTH AFFIRMATIVE DEFENSE**

To the extent that Plaintiff is able to prove to the satisfaction of the trier of fact that any improper motive was a factor in relevant employment decisions, which Defendant denies, Defendant would have made the same employment decisions regarding Plaintiff regardless of any alleged improper motive.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff's alleged damages, if any, were not directly and proximately caused by Defendant and any damages that Plaintiff has allegedly sustained would have been sustained regardless of any act or omission of Defendant.

**TENTH AFFIRMATIVE DEFENSE**

There is no basis in law or fact for Plaintiff to seek or recover punitive damages against Defendant because Defendant engaged in good faith efforts to comply with all of its legal obligations, and did not commit, ratify, authorize or acquiesce in any malicious, willful or reckless act. Any award of punitive damages would violate Defendant's rights under the U.S. and New York Constitutions.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's recoverable damages, if any, should be reduced because he failed to make reasonable and diligent efforts to mitigate his damages, if any. Any alleged damages claimed by Plaintiff to be due and owing are subject to an offset by any earnings or other income he has received since his separation from employment with Defendant.

**TWELFTH AFFIRMATIVE DEFENSE**

Defendant is not liable to Plaintiff for the acts or omissions of any supervisory or managerial employees that were beyond the scope of their employment.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff cannot state a claim for retaliation because he did not engage in any protected activity.

## FOURTEENTH AFFIRMATIVE DEFENSE

For some or all of Plaintiff's claims, Plaintiff cannot establish the requisite knowledge of alleged protected activity by decisionmakers as required under the law.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff lacks standing to bring this case because he did not first present some or all of his allegations to the EEOC for its determination as to whether Plaintiff has the right to sue.

## SIXTEENTH AFFIRMATIVE DEFENSE

Any damages Plaintiff may have suffered are due to circumstances flowing from events unrelated to any actions of the Defendants.

## RESERVATION OF RIGHTS

Defendant has not knowingly and intentionally waived any applicable affirmative defenses and reserves the right to raise additional affirmative defenses as they become known to it through discovery in this matter. Defendant further reserves the right to amend this Answer and to supplement, alter or change its Answer and affirmative defenses upon completion of appropriate investigation and discovery.

WHEREFORE, having answered the allegations of the Complaint, DLA Piper respectfully requests that this Court dismiss Plaintiff's Complaint with prejudice, enter judgment in favor of DLA Piper; and grant DLA Piper such further and other relief as the Court may deem just and proper.

Dated: New York, New York
January 9, 2026

MOREA SCHWARTZ BRADHAM
FRIEDMAN & BROWN LLP

By: /s/ Thomas A. Brown II__
Thomas A. Brown II (TB-1642)
400 Madison Avenue, Suite 17D
New York, New York 10017
(212) 695-8050
tbrown@msbllp.com

*Attorneys for Defendant DLA Piper (US) LLP*

**TO**: Eric Chen
137-25 83rd Avenue, Apt. 4Z
Briarwood, New York 11435

Plaintiff Pro Se