UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ERIC CHEN,

        *Plaintiff,*

v.

DLA Piper (US) LLP and MICHELLE CREARY,
*individually,*

        *Defendants*.

Civil Action No. 1:25-cv-09615 (RFT)

**CONFIDENTIALITY STIPULATION
AND PROPOSED
PROTECTIVE ORDER**

---

WHEREAS, Plaintiff Pro Se Eric Chen ("Plaintiff") and Defendant DLA Piper LLP ("US") ("Defendant" or "DLA") (together, the "Parties") having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

ORDERED that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with the pre-trial phase of this action:

1.      Plaintiff Pro Se or Counsel for any party may designate any document or information, in whole or in part, as Confidential if Plaintiff Pro Se or counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret or otherwise sensitive non-public information. Information and documents designated by a party as confidential will be stamped "CONFIDENTIAL."

2.      Defendant maintains an ethical obligations to hold in confidence information received or generated in connection with the legal representation or potential legal representation of a DLA client. Accordingly, in the event that Defendant is required to produce any such information in this litigation, Defendant shall designate as Privileged/Client-Confidential Information any information that counsel determines, in good faith, is protected by the attorney-client privilege or attorney work product doctrine because it: (a) contains or reflects legal advice; (b) requests information in order to provide legal advice; (c) provides information in order to obtain legal advice; (d) was prepared in the course of legal representation in anticipation of litigation; or (e) contains non-public facts related to such legal work or advice, or the nature of or existence of the engagement or potential engagement. Information and documents that may be designated as Privileged/Client-Confidential Information include, but are not limited to: (i) communications between DLA (including experts or other consultants retained by DLA) and a DLA client or potential client related to a potential or actual legal matter; (ii) communications internal to DLA (including experts or other consultants retained by DLA) related to a potential or actual legal matter on behalf of a DLA client or potential client; (iii) work product drafted or generated for a DLA client or in an effort to obtain engagements of

1

DLA clients; or (iv) descriptions of work performed, requested, or anticipated in the course of legal representation. Information and documents designated by a party as Privileged/Client-Confidential Information will be stamped "PRIVILEGED/CLIENT-CONFIDENTIAL INFORMATION." Because Defendant's clients are third parties to this litigation whose confidentiality interests must be preserved, a party producing a document that contains Privileged/Client-Confidential Information may redact from the document reasonably-identifying client information, including but not limited to, the names of clients or any related or adverse parties, non-public information about those parties' businesses, and attorney-client privileged communications or attorney work product.

3.    Any Confidential Information or Privileged/Client-Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with this action.

4.    In the event that a party challenges another party's designation, the Parties shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court. The terms of this Protective Order shall continue to apply to designated information or documents until the Court rules upon the challenge. Nothing in this Protective Order constitutes an admission by any party that Confidential Information or Privileged/Client-Confidential Information disclosed in this case is relevant or admissible. Each party reserves the right to object to the use or admissibility of Confidential Information or Privileged/Client-Confidential Information.

5.    The production of documents designated as Privileged/Client-Confidential Information shall not be construed as a waiver of any legally cognizable privilege or work-product protection attached to the documents, or of any right that any Party or non-party may have to assert such privileges or protections at any stage of this action or in any other context. Likewise, the production of documents designated as Privileged/Client-Confidential Information shall not be construed as a waiver of any legally cognizable privilege or work-product protection attached to documents or communications relating to the termination of Plaintiff's employment or this action.

6.    Documents designated as "CONFIDENTIAL" or "PRIVILEGED/CLIENT-CONFIDENTIAL INFORMATION" shall not be disclosed to any person, except:

    a.    The parties and their counsel;

    b.    Employees of such counsel assigned to and necessary to assist in the litigation;

    c.    Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel; and

    d.    The Court (including the mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court).

7.    Prior to disclosing or displaying Confidential Information or Privileged/Client-Confidential Information to any person, counsel or Plaintiff Pro Se must:

a.      Inform the person of the confidential nature of the information or documents;

b.      Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and

c.      Require each such person to sign an agreement to be bound by this Order in the form attached as Exhibit A.

8.      The disclosure of a document or information without designating it as "Confidential" or "Privileged/Client-Confidential Information" shall not constitute a waiver of the right to designate such document or information as Confidential Information or Privileged/Client-Confidential Information.  If at any time before the termination of this action a producing party realizes that it should have designated as "Confidential" or "Privileged/Client-Confidential Information" some portion(s) of discovery material that it previously produced without limitation, the producing party may so designate such material by notifying all parties in writing.  Thereafter, all persons subject to this Stipulation and Order will treat such designated portion(s) of the material as Confidential or Privileged/Client-Confidential Information.  In addition, the producing party shall provide each other party with replacement versions of such material that bears the "Confidential" or "Privileged/Client-Confidential Information" designation within two business days of providing such notice.   If so designated, the document or information shall thenceforth be treated as Confidential Information or Privileged/Client-Confidential Information subject to all the terms of this Stipulation and Order.

9.      Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure and confidential and shared only with authorized individuals in a secure manner. Nothing herein shall preclude the producing party from asserting legal claims or constitute a waiver of legal rights and defenses in the event of litigation arising out of the receiving party's failure to appropriately protect PII from unauthorized disclosure.

10.     Pursuant to Federal Rule of Evidence 502, the production of privileged or work-product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding.  This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).  Upon receiving written notice of an inadvertent disclosure, the receiving party shall treat the information as privileged, refrain from any further examination or disclosure of the inadvertently-disclosed material, make all reasonable efforts to gather any copies, notes, summaries, and/or extracts of the inadvertently-disclosed material made or distributed, and shall return all copies of the inadvertently-disclosed material to the producing party within two (2) business days. Within three (3) days of receiving written notice of an inadvertent disclosure, the receiving party shall certify to the producing party in writing that it has made reasonable efforts to destroy any and all notes or summaries referring or relating to the contents of the inadvertent disclosure, including any notes or summaries made or distributed. Nothing herein shall prevent

3

the receiving party from challenging the propriety of the privileged designation by submitting a challenge to the Court. Pending the resolution of any challenge submitted to the Court, the receiving party shall refrain from distributing or otherwise using the inadvertently disclosed information until the discoverability of such information is agreed upon by the parties or resolved by the Court. Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

11.     If a receiving party becomes aware that it is in receipt of information or materials which it knows or reasonably should know is (i) subject to any claim of privilege or attorney work product protection and (ii) was not designated as "Privileged/Client Confidential Information," and therefore appears to have been inadvertently produced, the receiving party shall immediately take reasonable steps to: (a) refrain from any further examination or disclosure of such information or materials; and (b) provide reasonably prompt written notice to the producing party that such information or materials appear to be privileged. Upon receiving a written notice, the producing party shall provide a reasonably prompt written response indicating whether the document in question is privileged. Upon confirmation that a document is privileged, the receiving party shall take all steps to return or destroy the document as set forth in paragraph 10.

12.     Notwithstanding the designation of information as "Confidential" or "Privileged/Client-Confidential Information" in discovery, there is no presumption that such information shall be filed with the Court under seal. For requests to file information under seal, the parties shall follow the individual rules of the judge for whom the information is being submitted, as well as Section 6 of the Court's ECF Rules & Instructions.

13.     At the conclusion of litigation, Confidential Information, Privileged/Client-Confidential Information, and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing party or, upon permission of the producing party, destroyed. Notwithstanding this provision, the parties and counsel may retain archival copies of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product relating to this action, provided that such archival copies remain subject to this Stipulation and Order.

14.     Nothing herein shall preclude the parties from disclosing material designated to be Confidential Information or Privileged/Client-Confidential Information if otherwise required by law or pursuant to a valid subpoena.

SO STIPULATED AND AGREED.


 /s/ Eric Chen_____         /s/ Thomas A. Brown II_____
Eric Chen                            Thomas A. Brown II
137-25 83rd Avenue, Apartment 4Z     MOREA SCHWARTZ BRADHAM
Briarwood, New York 11435            FRIEDMAN & BROWN LLP
(917) 753-6475                       400 Madison Avenue, Suite 17D
eric.chen.ny@gmail.com               New York, New York 10017
                                     (212) 695-8050
*Plaintiff Pro Se*                   tbrown@msbllp.com

                                     *Counsel for Defendant DLA Piper LLP (US)*



IT IS SO ORDERED, this 15th day of June_____, 2026.


                        _____
                        ROBYN F. TARNOFSKY
                        United States Magistrate Judge

**Exhibit A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

ERIC CHEN,

              *Plaintiff,*

v.

DLA Piper (US) LLP and MICHELLE CREARY,
*individually,*

              *Defendants*.

_____

       Civil Action No. 1:25-cv-09615 (RFT)

**NON-DISLCLOSURE AGREEMENT**

    I, _____, acknowledge that I have read and understand the Confidentiality Stipulation and Protective Order in this action governing the non-disclosure of those portions of discovery material that have been designated as Confidential or Privileged/Client-Confidential.  I agree that I will not disclose such material to anyone other than for purposes of this litigation, and that at the conclusion of the litigation I will either return all discovery material to the party or attorney from whom I received it, or upon permission of the producing party, destroy such discovery material. By acknowledging these obligations under the Confidentiality Stipulation and Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

1

2

Dated: _____, 20___

_____
Name (printed)

Signed in the presence of:

_____
(Plaintiff Pro Se or Attorney)

_____
Signature